IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

SARAH AMANDA MCKAY, )
 )
          Petitioner, )
 )
v. )    Case No. 17-CV-576-GKF-FHM
 )
DEBBIE ALDRIDGE, Warden, )
 )
          Respondent. )

**OPINION AND ORDER**

Before the Court is Respondent's motion to dismiss (Dkt. 8) Petitioner's 28 U.S.C. § 2254 habeas corpus petition (Dkt. 1). Respondent contends Petitioner failed to exhaust three of her ten federal habeas claims. For the reasons discussed below, the motion is denied.

**I. Background**

In this case, Petitioner challenges her convictions for two counts of child neglect in violation of OKLA. STAT. tit. 21, § 843.5(C). *See* Dkt. 1 at 1; Dkt. 9-3 at 1; and Tulsa County District Court Docket Sheet, Case No. CF-2016-6221.[1] Petitioner was tried along with her husband after their son died. *See* Dkt. 1 at 5, 7. The jury recommended a punishment of life imprisonment on Count I and 27 years imprisonment on Count II. *See* Dkt. 9-3 at 1. The state court sentenced her accordingly. *Id.* Petitioner appealed, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed on March 30, 2017. *Id.* at 1, 22.

Petitioner filed her federal § 2254 petition on October 13, 2017. *See* Dkt. 1. She raises ten federal claims, which cite the following defects:

---

[1] The Court took judicial notice of the state court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand").

1: Failure to sever the couple's joint trial;

2: Improper admission of expert testimony by a pediatrician;

3: Improper limitation on cross-examination of the state's witness;

4: Failure to grant a continuance after the state amplified its allegations of neglect;

5: Failure to instruct the jury on the lesser offense of omission to provide for a child;

6: Improper admission of gruesome and inflammatory photographs;

7: Prosecutorial misconduct;

8: Ineffective assistance of counsel;

9: Improper admission of victim impact statement; and

10: Excessive sentencing.

*See* Dkt. 1 at 5, 7-15.

Respondent filed the motion to dismiss, along with relevant portions of the state court record, on December 27, 2017. *See* Dkts. 8, 9. She contends Petitioner failed to exhaust her state remedies with respect to Claims 1, 2, and 5. *See* Dkt. 9 at 10. Respondent asks the Court to dismiss the federal petition in its entirety and allow Petitioner to return to state court to file an application for post-conviction relief. *Id.* at 9-10. Petitioner filed a response on January 18, 2018. *See* Dkt. 10. The response primarily explains the circumstances surrounding her appeal. *Id*.

## II. Analysis

### A. Exhaustion

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs this Court's review of Petitioner's habeas claims. *See* 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless the applicant has exhausted state remedies or demonstrated that no adequate state remedies are available or effective to

protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "Fair presentation, in turn, requires that the petitioner raise in state court the 'substance' of his federal claims." *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015). "This includes not only the [federal] constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief." *Id. See also Fairchild v. Workman*, 579 F.3d 1134, 1149 (10th Cir. 2009) ("A claim is more than a mere theory on which a court could grant relief; a claim must have a factual basis, and an adjudication of that claim requires an evaluation of that factual basis.") (quotations omitted).

Respondent contends Petitioner failed to comply with § 2254(b) because Claims 1, 2, and 5 are based on new information not presented to the OCCA. *See* Dkt. # 9 at 5-8. With respect to Claims 1 and 2, the Court agrees. Claim 1 raises the same legal issue as the appeal - namely, that the trial court failed to sever Petitioner's trial from that of her co-conspirator/husband. *Compare* Dkt. 1 at 5 *with* Dkt. 9-1 at 2. However, the theories supporting severance in each proceeding differ. On appeal, Petitioner argued the joint trial resulted in the unnecessary admission of incriminating statements by her husband, Robert McKay. *See* Dkt. 9-1 at 24. She detailed each incriminating statement and noted she could not cross examine McKay. *Id.* at 24-26. The OCCA rejected the argument, finding severance was not required in the absence of mutually antagonistic defenses. *See* Dkt. 9-3 at 3-6. Petitioner now argues, however, separate trials were necessary because she is wheelchair bound and could not provide the same level of childcare as McKay. *See* Dkt. 1 at 5-6. These new facts and arguments "significantly alter[]" Claim 1, "placing it in a much [different] posture than in the state court proceedings." *Fairchild*, 579 F.3d at 1150

3

(quoting *Demarest v. Price*, 130 F.3d 922, 933 (10th Cir. 1997)).  Petitioner therefore did not exhaust her state remedies with respect to Claim 1.

Claim 2 faces a similar problem.  Petitioner argues, as she did on appeal, that the state court improperly admitted expert testimony by Dr. Sarah Passmore.  *Compare* Dkt. 1 at 7 *with* Dkt. 9-1 at 27.  Dr. Passmore examined the child before his death and reviewed post-mortem photographs.  *See* Dkt. 9-1 at 31.  Petitioner's theory on appeal was that Dr. Passmore should not have opined on the ultimate issue to be decided by the jury (whether the child was neglected) or labeled her diagnosis as "medical neglect."  *See* Dkt. 9-1 at 27-32.  The OCCA disagreed and concluded Dr. Passmore was entitled to offer an opinion on the issue of child neglect.  *See* Dkt. 9-3 at 8.  Petitioner now contends Dr. Passmore is not credible based on alleged conflicts between her trial testimony and medical notes.  *See* Dkt. 1 at 7.  This information, if true, presents an entirely different reason to scrutinize Dr. Passmore's testimony.  The Court therefore finds Petitioner has not exhausted her state remedies with respect to Claim 2.

Claim 5 presents a closer question.  In both proceedings, Petitioner argued the state court should have instructed the jury on the lesser offense of omission to provide for a child, OKLA. STAT. tit. 21, § 852, in addition to child neglect, OKLA. STAT. tit. 21, § 843.5.  *Compare* Dkt. 1 at 10 *with* Dkt. 9-1 at 39.  On appeal, Petitioner noted the offenses are the same except for the required *mens rea*.  *See* Dkt. 9-1 at 40.  Her OCCA brief states: "It should have been up to the jury to decide whether [Petitioner's] mental state was one of purposeful refusal to act or merely being unmindful and oblivious as to what was going on around her."  *Id.*  The § 2254 petition also focuses on culpability, and in particular, the absence of malice.  *See* Dkt. 1 at 10.  However, Petitioner now adds that she is disabled and lacked both the funds and intellectual ability to properly care for her child.  *Id.*

As the Tenth Circuit has pointed out, "not every new piece of evidence makes a claim a new one." *Fairchild*, 579 F.3d at 1148. A federal petition may proffer "bits of [new] evidence" that add color to the claim presented in state court without running afoul of § 2254(b). *Id.* (quoting *Hawkins v. Mullin*, 291 F.3d 658 (10th Cir. 2002)). *See also Gardner v. Galetka*, 568 F.3d 862, 881, 882 (10th Cir. 2009) (allowing new evidence where the materials "would likely only have added color" to the claim presented in state court, and the difference between the new evidence and that presented in state court was "purely a matter of degree"). In the context of Claim 5, the new facts about Petitioner's medical and intellectual limitations do not significantly alter her original *mens rea* argument. They simply add color to the claim presented in state court. The Court therefore finds Claim 5 was exhausted.

**B.     Available Remedies: Claims 1 and 2**

The Court could require Petitioner to return to state court to raise her unexhausted claims through a state habeas proceeding, as Respondent suggests. *See* Dkt. 9 at 9. However, the OCCA routinely applies a procedural bar to such claims unless the petitioner provides "sufficient reason" for the failure to raise the claim in an earlier proceeding. *See* OKLA. STAT. tit. 22, § 1086; *Moore v. State*, 889 P.2d 1253, 1255-56 (Okla. Crim. App. 1995). Accordingly, the Court finds it would be futile to require Petitioner to return to state court to exhaust Claims 1 and 2. *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (the futility exception is a narrow one, and is supportable "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief"); *see also Coleman v. Thompson*, 501 U.S. 722 (1991); *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993). In the absence of available state corrective process, *see* 28 U.S.C. § 2254(b)(1)(B), Claims 1 and 2 are not barred by the exhaustion requirement. Respondent's motion to dismiss will be denied.

As a result of Petitioner's procedural default, however, an anticipatory procedural bar will be applied to Claims 1 and 2 unless petitioner shows "cause and prejudice" or a "fundamental miscarriage of justice" to excuse the default. *Coleman*, 501 U.S. at 750; *Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir. 1995). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples include the discovery of new evidence, a change in the law, and interference by state officials. *Id.* A petitioner is also required to show "actual prejudice resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982) (quotations omitted). The alternative is proof of a "fundamental miscarriage of justice," which occurs when the petitioner is actually innocent of the crime in question. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

The Court will allow Petitioner to file a brief by September 12, 2018, demonstrating either "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his procedural default as to Claims 1 and 2. The parties may then file response and reply briefs as set forth below. The Court will also require Respondent to file an answer to the exhausted claims (Claims 3 through 10) by September 12, 2018.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The motion to dismiss (Dkt. 8) is **denied.**

2. No later than **September 12, 2018**, Petitioner may file a brief demonstrating either "cause and prejudice" or a "fundamental miscarriage of justice" to overcome the anticipatory procedural bar applicable to **Claims 1 and 2**. If Petitioner concedes the procedural default or otherwise fails to timely comply, the Court will deny Claims 1 and 2 as procedurally barred.

3. Respondent may file a response within thirty (30) days after the filing of Petitioner's brief addressing the defaulted claims (**Claims 1 and 2**).

4. Petitioner may file an optional reply with respect to the defaulted claims (**Claims 1 and 2**) within thirty (30) days after the filing of Respondent's response.

5. No later than **September 12, 2018**, Respondent shall file a substantive answer to **Claims 3 through 10** of the petition.

**ENTERED** this 13th day of August, 2018.

    *[signature: Gregory K. Frizzell]*
    GREGORY K. FRIZZELL, CHIEF JUDGE